# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-403-RJC-DSC

| | |
|---|---|
| ALBERT YALE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| COMMUNITYONE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss," Doc. 9, filed on December 9, 2015, and the parties' associated briefs and exhibits, Docs. 10, 15 and 18.

On March 2, 2016, this case was reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, as true, Plaintiffs were victims of a Ponzi scheme operated by Keith Franklin Simmons ("Simmons") and his company Black Diamond Solutions LLC ("Black Diamond"). The fraudulent scheme was cloaked as a foreign exchange ("forex") investment program. Simmons and others solicited more than four hundred individuals to invest over $35 million in Black Diamond.

From April 23, 2007 until September 10, 2009, Simmons deposited a total of $35,071,773 of investor funds into an account in the name of Black Diamond with Defendant CommunityOne Bank, N.A. ("CommunityOne" or the "Bank"). Over the same time span he withdrew $35,071,883 from the same account. Doc. 1 at ¶ 5 and 21. Simmons never invested any funds in the forex program. Instead, he used the investor funds to make bogus interest payments to induce further investments and to enrich himself. Id. at ¶ 6.

When Simmons opened his account at CommunityOne, the Bank was aware that account xxxx12534 for Black Diamond was a fiduciary account holding funds from investors in the forex program. Id. at ¶ 23. These funds were received by CommunityOne via wire transfer from individual investors. CommunityOne wired back approximately half of the $35 million to the same investors during the relevant time period. CommunityOne records clearly indicate that Simmons never invested the funds in any foreign currency exchange. The Bank's computer software repeatedly flagged Simmons' account activity as suspicious. Id. at ¶ 28.

In December 2009, Simmons was arrested and charged with securities fraud, wire fraud, and money laundering in connection with a Ponzi scheme to defraud investors of more than $35 million. See United States v. Simmons, No. 3:10-CR-23-RJC-DCK.[1] A jury convicted Simmons of all four charges on December 16, 2010.

On April 27, 2011, four months after Simmons' conviction, the Government filed a single-count Bill of Information against CommunityOne for failure to maintain an anti-money laundering program. See United States v. CommunityOne Bank, N.A., No. 3:11-cr-122-RJC-DSC (W.D.N.C. Apr. 27, 2011, Doc. No. 1).[2] That same day, CommunityOne entered into a Deferred Prosecution

---

[1] The Court takes judicial notice of the records in Simmons' criminal proceeding.
[2] The Bill of Information filed against CommunityOne Bank is also referenced in Plaintiffs' Complaint. Doc. 1 at ¶¶ 19–34.

Agreement ("DPA") with the Government. Doc. 1 at ¶ 31. On September 26, 2013, the Government filed a Motion to Dismiss the charges against CommunityOne on grounds that the Bank had fulfilled its obligations under the DPA. See United States v. CommunityOne Bank, N.A., No. 3:11-cr-122-RJC-DSC (W.D.N.C. Apr. 27, 2011, Doc. No. 9 and 10). The Motion was granted the following day. Id.

Plaintiffs' only relationship with CommunityOne was through Simmons or hedge fund managers. Plaintiffs sent their funds to Black Diamond's account directly by wire transfer or indirectly through hedge fund managers and Jonathan Davey, a CPA from Ohio, who served as third party administrator.

On August 31, 2015, Plaintiffs filed this Complaint alleging North Carolina statutory and common law claims as well as a federal RICO claim against the Bank. CommunityOne seeks dismissal of the Complaint based upon the applicable statute of limitations. The Bank also argues that Counts IV through VIII of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Motion to Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

Plaintiffs filed a voluntary dismissal of Count VI for breach of fiduciary duty on December 28, 2015. Consequently, this analysis will focus on Plaintiffs' remaining claims.

**A. Whether Plaintiffs' Claims are Barred by the Applicable Statute of Limitations**

CommunityOne argues that Plaintiffs' claims are barred by the applicable statute of limitations.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the allegations in the complaint. A Rule 12(b)(6) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)(quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). As such, "asserting an affirmative defense, like a statute of limitations defense, in a motion to dismiss presents a particular 'procedural stumbling block' for defendants." CSX Transp., Inc. v. Gilkison, 406 F. App'x 723, 728 (4th Cir. 2010) (per curiam) (quoting Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). As the Fourth Circuit has explained:

> [A] motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint."

Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Forst, 4 F.3d at 250); see also Johnson v. N.C. Dep't of Transp., 418 S.E.2d 700, 702 (1992) (dismissal under Rule 12(b)(6) on the grounds of affirmative defense of statute of limitations is proper "if the complaint on its face reveals an 'insurmountable bar' to recovery"(citation omitted)). "To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to

affirmative defenses even before the affirmative defenses are raised." CSX Transp., 406 F. App'x at 728–29 (quoting Goodman, 494 F.3d at 466).

Counts I, II and III allege violations of the Uniform Fiduciaries Act, Sections 32-1 through 32-13 of the North Carolina General Statutes (the "Fiduciaries Act"). The Fiduciaries Act does not contain a specific statute of limitations. Under North Carolina General Statute Section 1-52(2), when liability is created by statute and no statute of limitations is specified, a three year period applies.

CommunityOne argues that the wrongful acts alleged by Plaintiffs are akin to a "tortious invasion of a right" triggering immediate accrual of the limitations period, regardless of when the acts were or should have been discovered. The Bank argues the alleged wrongful acts related to this account activity ended three years before the Complaint was filed on August 31, 2015. The Bank contends that these claims are barred by the three year statute of limitations whether the accrual date runs from September 10, 2009, when the last deposit was made to the bank; December 2009, when Simmons was arrested; December 2010, when Simmons was convicted; or April 27, 2011, when the Bill of Information and DPA were filed.

Plaintiffs argue that the discovery rule in North Carolina General Statute Section 1-52(9) applies to their Fiduciaries Act claims. Plaintiffs contend that their allegations of actual knowledge and bad faith are more akin to fraud and mistake than tortious invasion of a right that existed in their favor against the Bank. They argue that the relevant inquiry is whether the face of the Complaint contains facts showing that they should have known of the Bank's fraud or mistake by August 31, 2012 and not when they discovered or should have discovered Simmons or Davey's fraud. Plaintiffs argue that the Bank fails to cite any facts in the Complaint that show conclusively that they should have known of the Bank's fraud or mistake by August 31, 2012.

Viewing the factual allegations in the light most favorable to Plaintiffs, nothing "clearly appears" on the face of the Complaint to show that they knew or should have known about the Bank's alleged wrongful conduct by August 31, 2012. See CSX Transp., 406 F. Appx. at 729. The Court must then determine when Plaintiffs knew or should have known of the alleged wrongful conduct by the Bank. Plaintiffs' knowledge and the reasonableness of their due diligence necessitate fact-intensive inquiries that would be better resolved at the summary judgment stage or, if necessary, at trial. See id. at 730. Accordingly, the undersigned respectfully recommends that CommunityOne's Motion to Dismiss the Plaintiffs' claims on the basis of the applicable statute of limitations be denied.

**B. Whether Plaintiffs' Claims Should Be Dismissed for Failure to State Claim under Rule 12(b)(6)**

**1. Count IV-Aiding and Abetting Fraud Claim**

Plaintiffs' claim for aiding and abetting fraud (Count IV) fails because "[n]o North Carolina state court has recognized a claim for aiding and abetting fraud." Branch Banking and Trust Co. v. Lighthouse Fin. Corp., No. 04 CVS 1523, 2005 WL 1995410, slip op. at 7 (N.C. Super. Ct. July 13, 2005). See also Bradshaw v. Maiden, No. 14 CVS 14445, 2015 WL 4720387, at *14 (N.C. Super. Ct. August 10, 2015)(acknowledging the statement in Lighthouse that no North Carolina state court has recognized a claim for aiding and abetting fraud "continues to be true today."). Accordingly, the undersigned respectfully recommends that Plaintiffs' claim for aiding and abetting fraud (Count IV) be dismissed for failure to state a claim.

**2. Count V-Aiding and Abetting Breach of Fiduciary Duty Claim**

Plaintiffs' claim for aiding and abetting breach of fiduciary duty (Count V) fails because "no such cause of action exists in North Carolina." Laws v. Priority Trustee Servs. of N.C., 610

F.Supp.2d 528, 532 (W.D.N.C. 2009), aff'd, 375 F. App'x 345 (4th Cir. 2010). In Laws, District Judge Graham Mullen held that

> It is undisputed that the Supreme Court of North Carolina has never recognized such a cause of action. The only North Carolina Court of Appeals decision recognizing such a claim, Blow v. Shaughnessy, 88 N.C.App. 484, 489, 364 S.E.2d 444, 447–48 (1988), involved allegations of securities fraud, and its underlying rationale was eliminated by the United States Supreme Court in Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). Accordingly, the court dismisses this claim.

Id. Since then, the North Carolina Court of Appeals has recognized that Blow is no longer good law, and favorably quoted Judge Mullen's decision in Laws. See Bottom v. Bailey, 767 S.E.2d 883, 889 (N.C. Ct. App. 2014)[3]. Accordingly, the undersigned respectfully recommends that Plaintiffs' claim for aiding and abetting breach of fiduciary duty (Count V) be dismissed for failure to state a claim.

### 3. Count VII-Conspiracy to Breach Fiduciary Duties

Plaintiffs' Count VII claim for conspiracy to breach fiduciary duties should also be dismissed. Count VII alleges that CommunityOne's "duty arose out of their special financial relationship of trust and confidence with Plaintiffs which imposed common law, contractual and statutory duties upon each of the parties." Doc. 1 at ¶ 99. Plaintiffs' also allege that CommunityOne Bank "conspired to breach its fiduciary duty." Id. at ¶ 101. However, Plaintiffs stated in their response brief that they "recognize their lack of any direct relationship with CommunityOne." Doc. 15 at p. 2, note 1. They also filed a dismissal of Count VI for Breach of Fiduciary Duty. Doc. 19.

Where the underlying allegations of the unlawful acts that form the basis for a conspiracy are found to be insufficient, a claim for civil conspiracy must be dismissed. See Thortex, Inc. v.

---

[3] The Court stopped short of explicitly holding that a claim for aiding and abetting breach of fiduciary duty does not exist in North Carolina.

Standard Dyes, Inc., 630 S.E.2d 257 (N.C. Ct. App. 2006) (table); see also Anderson v. Derrick, No. 1:06-cv-264, 2007 WL 1166041, at *9 (W.D.N.C. April 12, 2007) (dismissing civil conspiracy claim after finding that the underlying claims, including one for breach of fiduciary duty, were insufficiently pled). Since Plaintiffs voluntarily dismissed their claim for breach of fiduciary duty, the foundation for Count VII crumbles. Accordingly, the undersigned respectfully recommends that Plaintiffs claim for conspiracy to breach fiduciary duties (Count VII) be dismissed for failure to state a claim.

### 4. Count VIII-RICO Claim

Count VIII alleges that CommunityOne Bank violated 18 U.S.C § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). Doc. 1 at ¶ 104. The elements of a substantive RICO offense under 18 U.S.C. § 1962(c) are (1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. See Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" is defined as at least two acts of racketeering, typically referred to as predicate acts. See 18 U.S.C. § 1961(5). To plead a conspiracy violation under § 1962(d), a plaintiff must allege that "each defendant agreed that another coconspirator would commit two or more acts of racketeering." Walters v. McMahen, 795 F. Supp. 2d 350, 355 (D. Md. 2011), aff'd in relevant part, 684 F.3d 435 (4th Cir. 2012).

Plaintiffs identify Simmons' company Black Diamond as the "RICO enterprise" in this case. Doc. 1 at ¶ 112. They allege that it had as its purpose a "foreign currency trading program which operated as a Ponzi scheme." Id. at ¶ 113. The Complaint goes on to allege that CommunityOne "had an on-going relationship with Simmons" during the time period in question,

and that they communicated and acted on instructions from each other in conducting the affairs of the enterprise. Id. at ¶¶ 117, 122. The Complaint contains the following allegations:

> 123. Simmons and Community One Bank agreed to conduct or participate in the affairs of the RICO Enterprise and agreed to commit acts of mail fraud and money laundering, as their regular way of conducting the affairs of the RICO Enterprise.
>
> 124. Simmons and Community One Bank, objectively manifested an agreement to commit substantive RICO violations and to commit two or more predicate acts of mail fraud and money laundering through their participation in the conduct of the affairs of the RICO Enterprise.
>
> 125. Simmons and Community One bank knew that the predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. Their conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(d).

Id. at ¶¶ 123–25. As stated by the United States District Court for the Eastern District of North Carolina, "[a]bsent some factual enhancement, allegations such as 'defendants agreed, cooperated and conspired with one another to commit the fraudulent transfers,' or that [the defendants] 'joined in a scheme such that they also acquired and maintained an interest in the enterprise through a pattern of racketeering activity,' are insufficient to satisfy Twombly, not to mention Rule 9(b)'s particularity requirement." TM, LLC v. Anderson, No. 2:11-cv-71-FL, 2012 WL 4483180 (E.D.N.C. Sept. 27, 2012) (internal citations omitted)).

The Complaint is devoid of any well pleaded factual allegations as to who Simmons conspired with at CommunityOne, when this alleged agreement occurred, where it occurred, how it occurred, or even the precise nature of the agreement. Plaintiffs offer no factual support for their claim that the Bank "agreed to commit acts of mail fraud and money laundering," and their failure to do so renders their RICO claim deficient. Applying the Supreme Court's Iqbal standard for determining whether a complaint alleges sufficient facts to survive a motion to dismiss, it is clear that Plaintiff's conclusory allegations fail to support a RICO claim. Therefore, the claim must be

dismissed. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 556 U.S. at 678.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 3, be GRANTED IN PART and DENIED IN PART. That is, the undersigned respectfully recommends that the Motion to Dismiss be DENIED as to Counts I-III and GRANTED as to Counts IV, V, VII and VIII.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: August 10, 2016

David S. Cayer
United States Magistrate Judge