UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00403-RJC-DSC

| | |
|---|---|
| ALBERT YALE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMUNITY ONE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Community One Bank, N.A.'s ("Defendant") two Motions to Dismiss, (Doc. Nos. 9, 31), and the related memoranda in support of and in opposition to the motions; the Magistrate Judge's Memorandum and Recommendation ("M&R") regarding each motion to dismiss, (Doc. Nos. 21, 35); Defendant's Objection to each M&R, (Doc. Nos. 22, 36); and Plaintiffs' Response in Opposition to each of Defendant's Objections, (Doc. Nos. 25, 37). The motions and M&Rs are ripe for adjudication.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case in either M&R. Therefore, the Court adopts the facts as set forth in the M&Rs. Nonetheless, the Court will provide a brief summary of the underlying facts.

On August 31, 2015, Plaintiffs filed this case alleging that they are victims of a Ponzi scheme, guised as a foreign currency trading program, operated by Keith Franklin Simmons ("Simmons") and his company Black Diamond Solutions LLC ("Black Diamond"). (Doc. 1 at ¶5). Simmons and others solicited over 400 investors, including Plaintiffs, to invest over $35 million in Black Diamond. (Id.) That money was then deposited into a trust account controlled

be Simmons at Defendant Community One Bank. (Id.). Simmons used the money to enrich himself instead of investing in the advertised foreign currency trading program. (Id. at ¶6). Simmons was arrested in December 2009, charged with securities fraud, wire fraud, and aiding and abetting the same, and sentenced to 40 years in prison on December 8, 2014. (Id. at ¶7); see United States v. Simmons, No. 3:10-CR-23-RJC-DCK (W.D.N.C. filed Dec. 17, 2009). Defendant Community One Bank, for its part, entered into a Deferred Prosecution Agreement ("DPA") related to a single-count Bill of Information for failure to maintain an anti-money laundering program. (Doc. No. 1 at ¶30–31). The charge was eventually dismissed due to satisfaction of the DPA. (Id. at ¶34).

Plaintiffs' Complaint ("Initial Complaint") contained eight counts against Defendant: (1) Violation of Uniform Fiduciaries Act ("UFA") (Actual Knowledge); (2) Violation of UFA G.S. § 32-6; (3) Violation of UFA (Bad Faith); (4) Aiding and Abetting Fraud; (5) Aiding and Abetting Breach of Fiduciary Duty; (6) Breach of Fiduciary Duty; (7) Conspiracy to Breach Fiduciary Duties; and (8) Conspiracy to Violate Civil RICO 18 U.S.C. § 1962(d). (Doc. No. 1 at ¶¶51–129).

Defendant filed its Motion to Dismiss Plaintiffs' Complaint ("First Motion to Dismiss") on December 9, 2015. (Doc. No. 9). After briefing from both sides, the Magistrate Judge issued an M&R ("First M&R") recommending that Defendant's motion be granted in part and denied in part. (Doc. No. 21). Specifically, the Magistrate Judge recommended that the First Motion to Dismiss be denied as to Counts 1–3 and granted as to Counts 4, 5, 7, and 8.[1] Defendant timely filed objections regarding the Magistrate Judge's recommendation that Counts 1–3 should not be dismissed, arguing, as it did in the First Motion to Dismiss, that the statute of limitations governing

---

[1] Plaintiffs voluntarily dismissed Count 6, Breach of Fiduciary Duty, without prejudice. (Doc. No. 16).

Counts 1–3 had expired, barring those claims. (Doc. No. 22). Also before the deadline to file objections, Plaintiffs filed a Motion for Leave to File First Amended Complaint, seeking to "address the issues raised in the Memorandum & Recommendation concerning Plaintiffs' breach [sic] fiduciary duty and conspiracy to violate RICO claims," although Plaintiffs sought to amend other aspects of the complaint as well, including the UFA claims (Doc. No. 23 at 1). After full briefing, the Magistrate Judge concluded that the motion should be granted in part and denied in part. (Doc. No. 28). Specifically, the Magistrate Judge determined that Plaintiffs' proposed amended complaint did not cure the deficiencies in the Initial Complaint and amendment would be futile. (Id. at 2–3). On the other hand, the Magistrate Judge allowed Plaintiffs to submit a new amended complaint within fourteen days that amended only Plaintiffs' UFA claims. (Id. at 3).

On October 11, 2016, Plaintiffs filed their First Amended Complaint, (Doc. No. 29), which was supplanted by Plaintiffs' Corrected First Amended Complaint a day later ("Amended Complaint"), (Doc. No. 30-1). Plaintiffs' Amended Complaint alleges two counts: (1) Violation of UFA (Actual Knowledge) (Count 1 from the Initial Complaint); and (2) Violation of UFA (Bad Faith) (Count 3 from the Initial Complaint). (Id.). Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint ("Second Motion to Dismiss"), (Doc. No. 31), and after full briefing, the Magistrate Judge issued an M&R ("Second M&R") recommending denying Defendant's Second Motion to Dismiss. (Doc. No. 35). Defendant again filed objections, reiterating its argument that the UFA counts are barred by the statute of limitations, (Doc. No. 36), and Plaintiffs filed a reply to Defendant's objections arguing that the statute of limitations has not expired, (Doc. No. 37).

Thus, ripe before the Court are the following issues: (1) whether the Court should partially adopt the First M&R recommending that Plaintiffs' claims for aiding and abetting fraud, aiding

and abetting breach of fiduciary duty, conspiracy to breach fiduciary duties, and conspiracy to violate civil RICO should be dismissed; and (2) whether the Court should adopt the Second M&R recommending that Defendant's Second Motion to Dismiss be denied and allowing Plaintiffs' two UFA counts in their Amended Complaint to proceed.

## II.     STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. § 636(b)(1)(A) and (B).  The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations.  Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982).  Further, the statute does not on its face require any review at all of issues that are not the subject of an objection.  Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

The standard of review for a motion to dismiss is well known and well-stated in the M&R.  It tests "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its

face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Copperweld Corp. v. Indep. Tube Corp., 467 U.S. 752, 775 (1984)). Additionally, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed. Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767-68 (D. Md. 2014). Furthermore, the court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

#### A. Plaintiffs' Fiduciary Duty and RICO Claims

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the

conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  Although Defendant filed objections concerning Plaintiffs' UFA claims, no party filed objections regarding the Magistrate Judge's recommendation to dismiss Counts 4, 5, 7, and 8 from the Initial Complaint. Plaintiffs did file a Motion for Leave to File First Amended Complaint, (Doc. No. 23), but that request is not an objection to the M&R and should not be viewed as such.  Indeed, there are many examples of plaintiffs confronted with an unfavorable M&R on a motion to dismiss filing both motions for leave to file an amended complaint and objections to the M&R.  See, e.g., Allison Outdoor Advert., LP v. Town of Canton, NC, 2012 WL 4061510 (W.D.N.C. Sept. 14, 2012).  Even if the Court were inclined to interpret Plaintiffs' Motion for Leave to File First Amended Complaint as objections to the M&R, an examination of the contents of the motion would preclude such an interpretation.  Plaintiffs' motion does not assign any error to the M&R, but merely "clarifies their prior allegation and conspiracy claim and provides additional facts in support of their prior allegation of conspiracy to violate [RICO] claim."  (Doc. No. 23).  Thus, no objection has been made to the Magistrate Judge's recommendation to dismiss Counts 4, 5, 7, and 8 from the Initial Complaint, and the parties have implicitly agreed with the Magistrate Judge's conclusions on those issues.  Nevertheless, this Court has conducted a full review of the First M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge to dismiss Counts 4, 5, 7, and 8 from the Initial Complaint is, in all respects, in accordance with the law and should be approved.

  B.  Plaintiffs' UFA Claims

  Defendant argues that Plaintiffs' UFA Claims, Counts 1–3 in the Initial Complaint but condensed to the two counts contained in the Amended Complaint, are time-barred by the applicable statute of limitations.  In short, Defendant asserts that the UFA does not include a statute

of limitations, N.C.G.S. § 1-52(2) provides for a three-year statute of limitations when liability is created by a state statute lacking an explicit statute of limitations, and Plaintiffs' filed their suit more than three years after the alleged conduct. (Doc. Nos. 10 at 5; 32 at 7). Plaintiffs respond by arguing that the discovery rule in N.C.G.S. § 1-52(9) applies to their UFA claims and the standard is whether Plaintiffs discovered or should have discovered Defendant's alleged fraud by August 31, 2012 (three years before Plaintiffs filed the Initial Complaint). (Doc. No. 18 at 2–4). The Magistrate Judge determined that "nothing 'clearly appears' on the face of the Complaint to show that [Plaintiff's] knew or should have known about the Bank's alleged wrongful conduct by August 31, 2012." (Doc. No. 21 at 7).[2] Further, the Magistrate Judge stated that determining when Plaintiffs knew or should have known about the alleged fraud would "necessitate fact-intensive inquires that would be better resolved at the summary judgment stage or, if necessary, at trial." (Id.). On these bases, the Magistrate Judge recommended that Defendant's motions to dismiss the UFA counts should be denied. (Id.).

Defendant objected to both M&Rs on the same grounds it had raised in its motion to dismiss memoranda: Plaintiffs' UFA claims are barred by the statute of limitations because the claims are liability created by statute, and therefore, should not be subjected to a statute of limitations discovery rule. (Doc. Nos. 22 at 2; 36 at 3). Plaintiffs responded to Defendant's objections by arguing that the discovery rule should apply since the basis of the action is fraud. (Doc. Nos. 25; 37).

The Court agrees with the Magistrate Judge's recommendation—the discovery rule under N.C. Gen. Stat. § 1-52(9) applies to Plaintiffs' UFA claims and Plaintiffs' knowledge of the fraud

---

[2] Because the Magistrate Judge found Defendant's Second Motion to Dismiss "merely re-asserts the arguments previously considered" in the First M&R, the Magistrate Judge relied on by reference the reasons previously stated in the First M&R. (Doc. No. 35 at 2).

and the reasonableness of their due diligence are fact-intensive questions that cannot be settled at this time.

"As a matter of well-settled North Carolina law, claims sounding in fraud and negligent misrepresentation must be brought within three years of discovery of the facts constituting the fraud or negligence." Landmar, LLC v. Wells Fargo Bank, N.A., 978 F. Supp. 2d 552, 561 (W.D.N.C. 2013) (citing N.C. Gen. Stat. § 1–52(9)). Although Plaintiffs' claims are brought under the UFA, the claims relate to alleged fraud by Simmons and Defendant. Among other things, Plaintiffs allege:

> Community One Bank had direct knowledge that Simmons paid himself directly from investor funds in his account's [sic]. Community One Bank actively participated in Simmons's fraud by suppressing its knowledge that Simmons was misappropriating fiduciary funds. Community One Bank conspired with Simmons by not disclosing that Simmons was misappropriating fiduciary funds.

(Doc. No. 29 at ¶77). Plaintiffs' claims are clearly grounded in fraud, even if the underlying cause of action is statutory.

Defendant's argument that N.C. Gen. Stat. § 1-52(2) and N.C.G.S. § 1-52(9) are exclusive is not persuasive. Indeed, N.C. Gen. Stat. § 1-52(9) and the discovery rule have been applied to other North Carolina liability-creating statutes where fraud grounds the claim. See, e.g., Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC, 155 F. Supp. 3d 535, 545 (extending the discovery rule to fraud-based violations of state statute N.C. Gen. Stat. § 75-1.1 for unfair and deceptive trade practices); Lockerman v. South River Elec. Membership Corp., 794 S.E.2d 346, 355 (N.C. Ct. App. 2016) (holding that the discovery rule applies to claims for unfair and deceptive trade practices that are based on fraud); Trantham v. Michael L. Martin, Inc., 745 S.E.2d 327, 334 (N.C. Ct. App. 2013) ("When an action for unfair and deceptive trade practices is 'based on fraud, [the action accrues] at the time the fraud is discovered or *should have been discovered* with the exercise of reasonable

diligence.'" (emphasis in original) (quoting Nash v. Motorola Commc'ns & Elecs., Inc., 385 S.E.2d 537, 538 (N.C. Ct. App. 1989), aff'd per curiam, 400 S.E.2d 36 (1991)).

Unlike Simmons and Black Diamond whose fraud was made public through criminal prosecution, it is unclear when Plaintiffs knew or should have known through reasonable due diligence Defendant's alleged role in the fraud, at least while viewing the pleadings in the light most favorable to Plaintiffs. Hence, the statute of limitations question here is a mixed question of law and fact. See First Inv'rs Corp. v. Citizens Bank, Inc., 757 F. Supp. 687, 689 (W.D.N.C. 1991), aff'd, 956 F.2d 263 (4th Cir. 1992) (stating that in general, whether a claim is barred by a statute of limitation is a mixed question of law and fact); Pembee Mfg. Corp. v. Cape Fear Constr. Co., 329 S.E.2d 350, 353 (N.C. 1985) (same). If the facts are not in conflict, then whether a claim is barred by the statute of limitations becomes a question of law. Pembee Mfg., 329 S.E.2d at 353 (citing Little v. Rose, 208 S.E.2d 666 (N.C. 1974)). But, "[w]hen a fraud should have been discovered in the exercise of reasonable diligence generally is a question for the jury, especially when the evidence is 'inconclusive or conflicting.'" W. Franklin Pres. Ltd. P'ship v. Nutur N. Carolina, LLC, 2015 WL 5693124, at *15 (M.D.N.C. Sept. 28, 2015) (quoting Hudgins v. Wagoner, 694 S.E.2d 436, 442 (N.C. Ct. App. 2010)). Because the discovery rule applies to Plaintiffs' claims, the statute of limitations question is one of both fact and law and cannot be decided at this juncture. Accordingly, the Magistrate Judge's Second M&R is **ADOPTED** and Defendant's Second Motion to Dismiss is **DENIED**.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's First M&R, (Doc. No. 21), is **ADOPTED in part** and **DISMISSED as moot in part**. Specifically, the Magistrate Judge's

recommendation that this Court partially grant Defendant's First Motion to Dismiss and dismiss Counts 4, 5, 7, and 8 in the Initial Complaint is **ADOPTED**. The Magistrate Judge's recommendation that the Court partially deny Defendant's First Motion to Dismiss and allow Plaintiffs' UFA claims (Counts 1–3) to proceed is **DISMISSED as moot** due to the subsequent filing of Plaintiffs' First Amended Complaint, Defendant's Second Motion to Dismiss, and the Magistrate Judge's Second M&R;

2. Defendant's First Motion to Dismiss, (Doc. No. 9), is **GRANTED in part** and **DISMISSED as moot in part**. Specifically, Defendant's motion is **GRANTED** regarding Counts 4, 5, 7, and 8 of the Initial Complaint and **DISMISSED as moot** regarding Counts 1–3 of the Initial Complaint;

3. The Magistrate Judge's Second M&R, (Doc. No. 35), is **ADOPTED**;

4. Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, (Doc. No. 31), is **DENIED**;

5. Counts 4 (Aiding and Abetting Fraud), 5 (Aiding and Abetting Breach of Fiduciary Duty), 7 (Conspiracy to Breach Fiduciary Duties), and 8 (Conspiracy to Violate Civil RICO 18 U.S.C. § 1962(d)) of the Initial Complaint are **DISMISSED with prejudice**. Counts 1–3 of the Initial Complaint have been condensed and re-alleged in Plaintiffs' Amended Complaint. Plaintiffs' case shall proceed on the Amended Complaint, (Doc. No. 30-1), and the two claims contained therein.

Signed: February 14, 2017

Robert J. Conrad, Jr.
United States District Judge