IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|  |  |
|---|---|
| ALBERT YALE, et al., </br></br> Plaintiffs, </br> vs. </br></br> COMMUNITYONE BANK, N.A., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> )    Civil Action No. 3:15-cv-403 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**<u>CONSENT PROTECTIVE ORDER</u>**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and by and with the consent of the parties through their counsel of record by counsels' authorized electronic signatures below, it is hereby ordered by the Court, as follows:

1. **<u>Protection of Confidential Discovery Materials.</u>** Except as set forth below in this paragraph, until further Order by the Court for good cause shown, any document produced by any party or third party which the party or third party deems to be confidential and which is stamped "Confidential", as well as deposition testimony concerning a document marked "Confidential", as well as other deposition testimony designated as "Confidential" by any party or third party, as well as the information contained therein (hereinafter collectively referred to as "Confidential Discovery Materials") shall be used by the receiving party only as set forth in this Order. The parties shall not mark documents Confidential which, on the face of the documents, appear to be public records. Examples of documents the parties may mark "Confidential" include non-public consumer financial information, bank policies and procedures, personnel records, personal financial information and bank account and other bank related documents.

2. **Persons Entitled to Review Confidential Information.** Subject to the provisions of paragraph 15 below, any matter designated as "Confidential" by a party or a third party may only be disclosed to the following persons:

    a.    Attorneys of record for the parties in this action, and the staff of their respective law firms or in-house legal departments, working on this case;

    b.    Outside vendors or service providers that counsel hire to perform technical services in this matter, provided they agree to honor the confidentiality of the documents;

    c.    Any person a party retains to serve as an expert witness or any non-testifying consulting expert otherwise engaged to provide specialized advice to counsel in connection with this action on a need-to-know basis (these persons must sign Exhibit A);

    d.    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    e.    The parties, as well as the officers, directors, employees, spouses, and adult children of the parties in this litigation, but only to the extent disclosure is necessary to assist in the prosecution or defense of this litigation(these persons must sign Exhibit A);

    f.    Deponents, during the course of, or in preparation for their scheduled depositions, provided that such deponents are not given and do not retain copies of the documents, or any notes, digests, extracts or complete or partial summaries regarding the documents (unless they are authorized persons under 4e above who have signed Exhibit A). Deponents who are shown such documents in preparation for their depositions must sign Exhibit A before reviewing the documents. Deponents who are shown the documents for the first time in a deposition and who have not previously signed Exhibit A must be asked to sign Exhibit A before being shown the document, and if they refuse to do so, they must be advised of their obligation to keep the contents of the document confidential as required by this Order.

    g.    Former employees of the parties and of the predecessors of the parties in this litigation, but only to the extent disclosure is necessary to assist in the prosecution or defense of this litigation (these persons must sign Exhibit A);

    h.    The Court, including any mediator appointed or designated to mediate this case, subject to the provisions of this Order concerning the filing of Confidential Discovery Materials;

    i.    Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

j. Any other person to whom disclosure is allowed by agreement of the parties or to whom the court orders or allows disclosure after notice and opportunity for hearing.

All persons in categories (c), (e), (f) and (g) will be required to read this Order and, as required above, sign the Acknowledgement Form attached as Exhibit A. "Parties" includes, for purposes of this Consent Protective Order, any insurer or surety of any party. Before disclosing Confidential Discovery Materials produced by the other side to authorized persons, the attorney disclosing the materials shall advise such persons of the restrictions of this Consent Protective Order and obtain written assurance in the form attached as Exhibit A from those persons required to sign Exhibit A.

3. **Depositions.** With respect to deposition testimony deemed by a party or non-party to be "Confidential", counsel for such party may designate any portion or all of a deposition "Confidential" by one of the following: (1) notifying the other party on the record during the deposition and requesting that the court reporter note in the transcript the particular testimony to be designated; or (2) designating any portion of a deposition as "Confidential", by notifying the other party in writing of the designation(s) within ten (10) business days, exclusive of holidays, after the transcript has been received by such counsel. During this ten (10) day period, the entire transcript shall be treated as though it was designated "Confidential."

4. **Discovery Responses.** Information disclosed in answers to interrogatories may be designated as "Confidential" by the answering Party by indicating in the answer the particular information disclosed therein to be protected and thereby subject to the provisions of this Consent Protective Order.

5. **Affidavits.** Information disclosed in affidavits may be designated as "Confidential" by the affiant by marking or describing in the affidavit the particular information disclosed therein to be protected and thereby subject to the provisions of this Consent Protective

Order.

6. **<u>Inadvertent Disclosure.</u>** In the event that a party inadvertently fails to designate any information "Confidential", the party producing that information may within ten (10) business days, exclusive of holidays, of discovery of the mistake designate the material "Confidential" by notifying the receiving party in writing. Each side shall then treat the information as designated until further order of the Court.

7. **<u>Privileged Information.</u>** Nothing in this Order shall be deemed a waiver of any right any party might otherwise have under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. If a party inadvertently discloses any information protected by the attorney-client privilege or work product doctrine and informs the receiving party thereof in writing about the inadvertent disclosure, the receiving party shall immediately make prompt and reasonable efforts to protect the information, including retrieving it from any persons other than counsel, and then shall return it to the producing party unless there is a challenge to the privilege designation which is upheld. The receiving party may challenge the producing party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. Inadvertent disclosure promptly cured after it is discovered shall not be considered a waiver of the attorney-client privilege or work product doctrine.

8. **<u>Prohibited Uses.</u>** Subject to the provisions of paragraph 15 below, Confidential Discovery Materials shall not be used by or communicated to any person or entity except as permitted in this Consent Protective Order and shall not be used for any purpose whatsoever except the prosecution or defense of this case. No person who obtains access to Confidential

Discovery Materials pursuant to this Consent Protective Order may disclose that information to any persons other than those permitted access under this Consent Protective Order, unless he/she first secures the written consent of the producing party or obtains permission from the Court, upon motion, with notice to all parties.

9. **Pre-Trial Filing of Documents Under Seal.** Motions to Seal Confidential Discovery Materials shall be made in accordance with LCvR 6.1 for the United States District Court for the Western District of North Carolina. A party can choose not to file under seal its own Confidential Discovery Materials by removing the "Confidential" stamp prior to filing and if it does so, this does not constitute a waiver with respect to other materials the party has marked "Confidential."

10. **No Waiver of Other Rights.** Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

11. **Designations Are Not Evidence.** The designation of information as "Confidential" for purposes of this Consent Protective Order shall have no evidentiary significance in this action, shall not affect a party's burden of proof, shall not be conclusive as to the Court's ruling on the status of discovery materials under Paragraph 15 below and shall not limit the producing party's use of the materials.

12. **No Effect on One's Own Documents.** This Consent Protective Order has no effect upon, and its scope shall not extend to any party's use of its own documents, material, information, or things.

13. **Use at Trial.** If the parties cannot agree on the use of Confidential Discovery

Materials at trial, the Court will determine the use at trial of such documents. Any Confidential Discovery Materials used at trial, whether by agreement of the parties or by Court order, shall have the designation "Confidential" removed from the document before it is presented as evidence in the case. The Parties will meet and confer prior to trial to attempt to resolve issues regarding the use of Confidential Discovery Materials at trial.

14. **Termination of Litigation.** The ultimate disposition of Confidential Discovery Materials filed with the court is subject to final order of the Court on the completion of litigation. Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeals thereof all persons subject to the terms hereof, shall: (i) destroy or assemble and return to the producing Party all Confidential Discovery Materials, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Discovery Materials, except that attorneys for the parties may retain subject to the terms of this Order and not destroy, even if it contains or references Confidential Discovery Materials, any material which constitutes, embodies, contains, or discloses material protected by the attorney-client privilege or attorney work product doctrine. The terms of this Consent Protective Order shall survive and remain in full force after the termination of this litigation and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Discovery Materials has been disclosed for the purpose of enforcing the terms of this Consent Protective Order and/or redressing any violation thereof.

15. **Removal of Designations.** Any party may at any time request from any other party, in writing, the removal of a designation of documents, material, information, or things as "Confidential". Upon receipt of such written request, the parties shall confer in good faith as to

the status of the subject information. If the parties are unable to agree upon the status of the subject information within ten (10) business days, exclusive of holidays, of the receipt of such written request, then the receiving party to this litigation may raise the issue of such designation with the Court by applying to the Court for a ruling that such documents, material, information, or things shall not be so treated, giving notice to the party producing or designating the discovery material. In such instances, the party that has designated the document, material, information, or things as "Confidential" shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Consent Protective Order and applicable law. Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Consent Protective Order. Documents, material, information, or things which are not deserving of protection as "Confidential" do not become confidential merely by means of a party's designation herein, but the designation must be honored in accordance with the terms of this Order until otherwise ordered by the Court.

16. **Modification.** This Consent Protective Order may be modified or terminated in writing only if ordered by the Court, or upon the written consent of the Court and all Parties in this litigation. Any Party in this litigation may file a motion with the Court to modify the Consent Protective Order.

The Parties and their attorneys shall abide by the terms of this Consent Protective Order.

SO ORDERED:

This the ___ day of _____, 2017.

_____

By consent:


   /s/ Jonathan F. Andres_____
Jonathan F. Andres, Attorney for Plaintiffs


   /s/ H. Landis Wade, Jr._____
H. Landis Wade, Jr., Attorney for Defendant

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, et al., )<br>)<br>    Plaintiffs, )<br>vs. )<br>)<br>COMMUNITYONE BANK, N.A., )<br>)<br>    Defendant. )<br>)<br>) | Civil Action No. 3:15-cv-403 |

**CONSENT PROTECTIVE ORDER**

I, _____, do hereby certify that I have read and agree to be bound by and subject to that certain Consent Protective Order dated _____, 2017, entered in the above-referenced action, and I subject myself to the jurisdiction and venue in the United States District Court for the Western District of North Carolina, Charlotte Division for purposes of enforcement of this Consent Protective Order.

This \_\_\_ day of _____, 20\_\_\_.

 

_____
Print Name

_____
Signature