UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 3:15-CV-403-RJC-DSC |
| ) | |
| COMMUNITY ONE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, Albert Yale, *et al.*, , in support of their Motion for Leave to File Second Amended Complaint, state:

**INTRODUCTION**

Plaintiffs finished their deposition of representatives of Defendant CommunityOne Bank, N.A., pursuant to Fed. R. Civ. P. 30(b)-6, on February 22, 2018. They have also completed examination of the voluminous document discovery from the Bank. This discovery provides facts and information that establish the Bank's level of knowledge and course of conduct relating to Keith Simmons and his the Black Diamond Ponzi scheme. And these facts and information, with details known to the Bank when Plaintiffs filed this lawsuit, bolster the pending claims, as well as provide the bases for additional causes of action, against the Bank.

Plaintiffs' motion is not untimely. The Scheduling Order and Case Management Plan [Doc. #42] does not impose a filing deadline for amended complaints, and the Order is

consistent with the parties' Report of Rule 26 Conference [Doc. #40] in which any such deadline is omitted as well.

## DISCUSSION

Plaintiffs bring this motion pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 allows a party to amend once as a matter of course within twenty-one days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides "(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

"The federal policy of liberality in permitting amendments to pleadings, as embodied in [Fed. R. Civ. P. 15], is self-evident." *Davenport v. Ralph N. Peters & Co.,* 386 F.2d 199, 204 (4th Cir. 1967). "It is this Circuit's policy to liberally allow amendment in keep with the spirit of [Fed. R. Civ. P.] 15(a)." *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir. 2010) (*citing Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 447 (4th Cir. 2004) (*citing Ward Elec. Serv., Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987)).

"[T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given." *Laber v. Harvey*, F.3d 404, 426 (4th Cir. 2006)

(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

A defendant is not prejudiced by an amendment where the defendant from the outset was fully aware of the events giving rise to the action. *See, e.g., Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) ("[b]ecause defendant was from the outset made fully aware of the events giving rise to the action, no allowance of the amendment could not in any way prejudice the preparation of defendant's case"); *see also Matrix Capital Management Fund, LP. V. BearingPoint, Inc.,* 576 F.3d 172,195 (4th Cir. 2009) (amendment allowed because "[p]laintiff simply seek[s] to add specificity to [its] allegations in a situation where defendants are aware of the circumstances giving rise to the action").

The proposed Second Amended Complaint will not prejudice CommunityOne Bank. The amended pleading clarifies existing allegations with facts and evidence obtained through the discovery and adds new claims that arise from the transactions, occurrences, and facts in Plaintiffs' original pleading.

Moreover, each of the additional claims in the proposed amended pleading are based on documents and information in the Bank's possession and known to the Bank well before this lawsuit was filed. Here, the documents tell the story of what happened at the Bank in connection with Keith Simmons and his scheme, and the Bank has known that story and its details all along.

The Bank obtained declarations and statements in this case from present and former bank employees with knowledge of Simmons and his scheme. No additional discovery is needed, and the Bank is free to obtain further declarations and statements from bank employees who had involvement with Simmons.

Plaintiffs have not acted in bad faith or been dilatory and, as the parties contemplated, no filing deadline exists for seeking to amend the pleadings. There is no reason for the Bank to conduct any further depositions of the Plaintiffs because the victims, as their deposition testimony makes clear, knew nothing about what transpired at the Bank during the time of Simmons' scheme. The amended pleading is based solely on the story told by the Bank's documents and representative witnesses. Moreover, the Bank has had knowledge, at least since February 2009, of the facts and events giving rise to claims in the proposed second amended complaint.

The proposed amendment is not futile. The second amended complaint supplies requisite facts and details missing in Plaintiffs' original complaint. The amended filing not only clarifies and bolsters the allegations supporting Plaintiffs' pending claims, but also provides details obtained by document and deposition discovery from the Bank – the who, what, when, where, and how – that support additional causes of action arising from the same conduct, transactions, and occurrences identified in the original pleading.

The filing deadline for dispositive motions in this case should not be a bar to granting Plaintiffs leave to amend their pleadings. Local Civil Rule 16.1 provides that where the parties believe that the filing of an amended complaint justifies changes to the Scheduling

Order, the parties should conduct a supplemental attorney's conference and file an appropriate motion with the Court. Trial of this case is not set until July 9, 2018, a date that provides the parties with sufficient time to confer as provided in this Court's local rules.

Nothing under Rule 15 of the Federal Rules of Civil Procedure or the circumstances here preclude Plaintiffs from the relief they seek here. In light of the settled Supreme Court and Fourth Circuit precedent liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiffs respectfully request that this Honorable Court enter an order granting Plaintiffs leave to file an amended complaint and accepting for filing the proposed Second Amended Complaint.

**CONCLUSION**

For the foregoing reasons, together with those set forth in the motion, Plaintiffs' Motion for Leave to File Second Amended Complaint should be granted.

                                                Respectfully submitted,

| NICHOLSON LAW FIRM, P.A. | JONATHAN F. ANDRES P.C. |
|---|---|
| Edward H. Nicholson, Jr. | |
| (NC Bar No. 36123) | /s/ Jonathan F. Andres |
| 212 S. Tryon St., Ste. 1725 | Jonathan F. Andres (E.D. Mo. 39531MO) |
| Charlotte, NC 28281 | Admitted pro hac vice |
| Tel: (704) 223-2406 | 1127 Hoot Owl Rd. |
| Email: nicholsonshumaker@att.net | St. Louis, MO 63005 |
| | Tel. (636) 633-1208 |
| LAW OFFICES OF SEBASTIAN RUCCI | Email: andres@andreslawpc.com |
| Sebastian Rucci (E.D. Mo. 178114CA) | |
| Admitted pro hac vice | |
| 16400 Pacific Coast Hwy, Suite 212 | |
| Huntington Beach, CA 92649 | |
| Tel: (330) 720-0398 | |
| Email: SebRucci@gmail.com | |

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on March 17, 2018 copy of the foregoing was filed electronically, with a copy of this filing to be served to all parties, via the Court's electronic filing system.

                                                  /s/ Jonathan F. Andres