UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 3:15-CV-403-RJC-DSC |
| | ) |
| COMMUNITY ONE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' OBJECTION TO ORDER**

Plaintiffs CCR Data, Inc., Keith Davey, Missions to Military, Inc. Account No. 1 and Account No. 2, and Safe Harbor Christian Foundation (Plaintiffs), by ad through their undersigned counsel, hereby file their objection to the Order entered April 24, 2018 (Order) (Doc. No. 89) denying Plaintiffs' Motion for Leave to File Second Amended Compliant (Motion for Leave) (Doc. No. 73) and, in support thereof, state as follows:

**I. INTRODUCTION**

Rule 72 of the Federal Rules of Civil Procedure permits a party to challenge any pretrial matter not dispositive of a party's claim or defense referred to a magistrate judge to hear and decide. The Motion for Leave is not dispositive and was referred to Magistrate Judge David S. Cayer for decision. Judge Cayer entered the Order April 24, 2018, and Plaintiffs make timely challenge to the Order denying the Motion for Leave.

**II. DISCUSSION**

**A.  The Order clearly errs in finding that the Motion for Leave is untimely.**

The Pretrial Order and Case Management Plan (Plan) (Doc. #42), entered April 11, 2017.

lists "Deadlines at a Glance" on page one and identifies a deadline of March 16, 2018 for dispositive motions. *Id*. Similarly, sub-paragraph A with the heading "Dispositive Motions Deadline:" under section "II. Motions" on page three of the Plan, discusses such motions and lists March 16, 2018 as the filing deadline. *Id*.

The Motion for Leave, unlike a summary judgment motion, does not seek to bring about the settlement of a contested issue, and it is therefore not a dispositive motion and was untimely under the Plan.

### B. The Order clearly erred in ascribing merit to Defendant's arguments in response to the Motion for Leave.

Defendant CommunityOne Bank (Bank) opposed the Motion for Leave primarily on three grounds, and the Order erred in finding merit in the Bank's arguments.

#### 1. Plaintiffs' Motion is Not Unduly Delayed or Severely Prejudicial.

Plaintiffs obtained fact discovery by way of document production and deposition testimony of representatives of the Bank. The Court's extension of the discovery deadline in the case did not prejudice the Bank or affect in anyway Plaintiffs' right to seek leave to file an amended complaint.

The fact discovery Plaintiffs obtained from the Bank is not information new to the Bank. Quite the contrary: the Bank has had and been aware of such information for quite some time and nothing about such facts or Plaintiffs' discovery of them is a surprise or prejudice to the Bank.

No additional discovery is requested or required. Plaintiffs' Motion simply sought leave to amend the complaint and move forward to trial without any additional discovery or witnesses.

#### 2. Plaintiffs' Motions is Not Made in Bad Faith.

The allegations in Plaintiffs' proposed Second Amended Complaint are all based on facts or a good faith belief and reasonable investigation showing that facts exist to support the allegations

and the inferences drawn and alleged therefrom. CommunityOne's disagreement with the allegations in the proposed Second Amended Complaint is not a basis for denying the wholly supported relief Plaintiffs seek in the Motion and under Rule 15.

Plaintiffs' Motion does not evidence or reflect shifting legal theories. The legal theories and claims alleged in Plaintiffs' initial Complaint, as well as the First Amended Complaint, track a common theme: CommunityOne was complicit and a co-conspirator with Keith Simmons and his co-fraudsters and the Black Diamond Ponzi scheme.

### 3, Plaintiffs' Motion Does Not Seek Relief that Would Be Futile.

Plaintiffs' proposed Second Amended Complaint asserts additional claims that arise out of the conduct, transaction, or occurrence set out – or attempted to be set out – in Plaintiffs' original complaint. Under Rule 15 of the Federal Rules of Civil Procedure the amended pleading would related back to the original date of filing – August 31, 2015 – for purposes of *inter alia* statute of limitations. Accordingly, Plaintiffs' Motion to does not seek relief that would be futile.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit the Order should be set aside and Plaintiff's Motion for Leave should be granted.

Dated: May 8, 2018

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>NICHOLSON LAW FIRM, P.A.<br>Edward H. Nicholson, Jr.<br>(NC Bar No. 36123)<br>212 S. Tryon St., Ste. 1725<br>Charlotte, NC 28281<br>Tel: (704) 223-2406<br>Email: nicholsonshumaker@att.net<br><br>LAW OFFICES OF SEBASTIAN RUCCI<br>Sebastian Rucci (E.D. Mo. 178114CA)<br>Admitted pro hac vice<br>16400 Pacific Coast Hwy, Suite 212<br>Huntington Beach, CA 92649<br>Tel: (330) 720-0398<br>Email: SebRucci@gmail.com<br><br>Attorneys for Plaintiffs</td><td>JONATHAN F. ANDRES P.C.<br><br>/s/ Jonathan F. Andres<br>Jonathan F. Andres (E.D. Mo. 39531MO)<br>Admitted pro hac vice<br>1127 Hoot Owl Rd.<br>St. Louis, MO 63005<br>Tel. (636) 633-1208<br>Email: andres@andreslawpc.com</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2018 copy of the foregoing was filed electronically, with a copy of this filing to served to all parties, via the Court's electronic filing system.

/s/ Jonathan F. Andres